————o————

No. 5808.

## SUCCESSION OF PAUL Z. LACOSTE.

### Syllabus.

An adjudicatee cannot be compelled to accept a title of doubtful validity or one suggestive of future litigation.

Appeal from the Civil District Court, Parish of Orleans, Division "A," No. 98,423, Hon. T. C. W. Ellis, Judge.

M. M. Boatner, J. B. Rosser, for plaintiff and appellee.

E. M. Cahn, S. E. Beer, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

This is an appeal by the adjudicatee from a judgment making absolute a rule to compel compliance with an adjudication.

The title tendered rests upon a donation **inter vivos** made to two children of decedent in February, 1908, by August Bellais, who died in November, 1911, leaving surviving him several children.

The first point made is that the title is suggestive of litigation because, five years not having elapsed since the death of the donor (**R. C. C., 3542**) it is open to attack by the children of Bellais on the ground that the donation by their father was excessive and prejudicial to their legitime.

The detailed list of property in the Succession of Bellais shows a value slightly in excess of $2,000.00, exclusive of the property here in controversy. As to the latter, the lowest estimate in the record is found in an affidavit, filed by consent in this Court, fixing its value at $1,000.00 at the time of Bellais' death. There is, moreover, sufficient data in the record to lead to the belief that there exists debts due by the Succession of Bellais, in the way of law charges, expenses of last illness, executors' commissions, etc., that would so reduce the mass of the estate as to make the donation in fact excessive. At any rate, the title tendered is sufficiently suggestive of litigation in this regard as to justify the adjudicatee in refusing to accept same. **R. C. C., 1505, 1506.**

The judgment is accordingly reversed, and it is now adjudged and decreed that the rule to compel compliance with the adjudication be dismissed at appellee's costs in both Courts.

Reversed.

Opinion and decree June 4, 1913.